FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
10/4/2023 10:46 AM
JAMIE SMITH
DISTRICT CLERK
23DCCV1480

CAUSE NO. _____

| | | |
|---|---|---|
| **CARLI GRAVES** | § | IN THE DISTRICT COURT OF |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| **RALPH HOLMES JR. AND UNION** | § | |
| **PACIFIC RAILROAD COMPANY,** | § | _____ DISTRICT COURT |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **CARLI GRAVES** (hereinafter referred to as Plaintiff), complaining of and about **RALPH HOLMES JR.** (hereinafter referred to as "Defendant HOLMES") and **UNION PACIFIC RAILROAD COMPANY** (hereinafter referred to as "Defendant UNION PACIFIC"), hereinafter collectively referred to as Defendants, and for cause of action would respectfully show the Court the following:

### 1. DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 of Texas Rules of Civil Procedure, 190.

### 2. PARTIES

Plaintiff **CARLI GRAVES** was, at all times material, a Texas citizen residing in Jefferson County, Texas. The last three digits of Plaintiff's driver's license are 464.

Defendant **UNION PACIFIC RAILROAD COMPANY** is a company, who engages in business in the State of Arizona and one or more of its members were citizen(s) of the State of Arizona at all material times; thus, Defendant **UNION PACIFIC RAILROAD COMPANY** is an Arizona citizen. Defendant **UNION PACIFIC RAILROAD COMPANY** may be served

CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
11/08/2023
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith

1

through its registered agent, Capital Corporate Services, Inc., 1999 Bryan St., Suite 900 Dallas, Texas 75201.

Defendant **RALPH HOLMES JR.** is a Louisiana citizen residing in and domiciled in Zachary, Louisiana. This defendant may be served at her usual place of residence at 9309 Highland Oaks Ave Zachary, Louisiana 70791.

### 3. JURISDICTION AND VENUE

This is a personal injury suit resulting from a motor vehicle accident. Both jurisdiction and venue are proper in this cause.

The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $1,000,000. Plaintiff reserves the right to amend her petition during and/or after the discovery process.

The Court has jurisdiction over Defendant **UNION PACIFIC** because this defendant is a company that engages in business in the State of Texas and one or more of its members were citizen(s) of the State of Texas at all material times; thus, Defendant **UNION PACIFIC** is a Texas citizen for jurisdictional purposes.

The Court has jurisdiction over Defendant **HOLMES** because he is an individual works and has minimum contacts in the State of Texas, and an employee of **UNION PACIFIC**, who was acting in the course and scope of his employment at the time of the incident and collision made the basis of this suit.

Plaintiff is not making any claims for relief under federal law. As such, removal of this action to federal court is *per se* improper and will be met with an immediate motion for remand including a request that sanctions be imposed against Defendants for their improper removal of this action.

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
11/08/2023
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith

2

Venue is proper in Jefferson County, Texas, because, for example, all or a substantial part of the events or omissions giving rise to the claim occurred in Jefferson County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

## 4. FACTS

On July 29, 2023, Plaintiff was traveling westbound on the 6000 block of College Street in Beaumont, Texas, when suddenly, and unexpectedly, Defendant **HOLMES** failed to yield the right of way while making an unsafe left turn and struck Plaintiff's vehicle.

At all times material, Defendant **HOLMES** was acting in the course and scope of his employment with Defendant **UNION PACIFIC**. This crash was brought to occur and was proximately caused by the negligence, direct and vicarious, of Defendants **HOLMES** and **UNION PACIFIC**

## 5. NEGLIGENCE OF HOLMES

Plaintiff would show that Defendant **HOLMES** was negligent in multiple and many ways, including the following:

(1) In failing to exercise ordinary care in the control and operation of the vehicle he was driving;

(2) In driving in a manner that was unsafe for the conditions present on the roadway;

(3) In driving in a reckless, careless, unsafe and/or hazardous manner;

(4) In driving at a rate of speed greater that what a person of ordinary care would have driven under the same or similar circumstances;

(5) In failing to maintain a rate of speed as would have been maintained by a person of ordinary care would have driven under the same or similar circumstances;



3

(6) In failing to control the speed of the vehicle he was operating and as necessary to avoid colliding with another vehicle that was upon the roadway;

(7) In failing to reduce speed greater as would have been made by a person of ordinary care under the same or similar circumstances;

(8) In failing to take timely and/or proper evasive action as would have been made by a person of ordinary care under the same or similar circumstances;

(9) In failing to make a timely and/or proper application of the brakes as would have been made by a person of ordinary care under the same or similar circumstances;

(10) In failing to exercise a proper and/or safe lookout as would have been done by a person of ordinary care under the same or similar circumstances;

(11) In operating a vehicle, and particularly a commercial motor vehicle, at a time when **HOLMES** was distracted;

(12) In operating a vehicle, and particularly a commercial motor vehicle, at a time when **HOLMES** was physically and/or mental unable to do so in a safe and prudent manner;

(13) In failing to yield the right of way;

(14) In failing to properly and safely inspect and/or maintain the vehicle he was operating; and

(15) In violating state and federal law, including (but not limited to) the rules and regulations of the United States Department of Transportation and/or National Motor Carrier Safety Administration so as to make this defendant negligent *per se*.

The acts of negligence as set out above were a proximate cause of the collision made the basis of this lawsuit. Plaintiff reserves his right to amend these allegations as further facts, investigation and discovery may warrant.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
11/08/2023
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

4

## 6. VICARIOUS LIABILITY OF UNION PACIFIC

Defendant **UNION PACIFIC** is vicariously liable for the negligence of Defendant **HOLMES** under the theory *respondeat superior* as, at all times material, **HOLMES** was employed by Defendant **UNION PACIFIC** and was acting within the course and scope of said employment, and in the furtherance of said Defendant's business, at the time of the collision made the basis of this lawsuit. Pleading further, Plaintiff would show that, at all times material, Defendant **HOLMES** was the '*statutory employee*' of Defendant **UNION PACIFIC** as that term is used and applied by the Federal Motor Carrier Safety Regulations.

## 7. DIRECT LIABILITY OF UNION PACIFIC

Defendant **UNION PACIFIC** is directly and independently liable to Plaintiff for its own negligent acts and omissions as committed by it and its agents, employees, servants and representatives. This defendant owed specific duties to Plaintiff as well as the users of the public roads and highways, said duties existing and created by common law, statutory law and regulatory laws, rules and regulations. Defendant **UNION PACIFIC** breached these duties and is thus negligent in multiple ways including (but not limited to) the following:

(1) In failing to exercise ordinary care in the screening, interviewing, vetting and hiring of Defendant **HOLMES**;

(2) In failing to exercise ordinary care in the performance and/or execution of a background check on Defendant **HOLMES**;

(3) In failing to exercise ordinary care in this Defendant's qualification of Defendant **HOLMES** as a driver and operator of a commercial motor vehicle;



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
11/08/2023
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

5

(4) In failing to comply with the applicable state laws as well as the rules and regulations of the Federal Motor Carrier Safety Administration in the hiring and qualification of Defendant **HOLMES** as a driver of a commercial motor vehicle;

(5) In failing to exercise ordinary in the training of Defendant **HOLMES** including but not limited to training Defendant **HOLMES** to be a safe, careful and prudent driver of a commercial motor vehicle;

(6) In failing to exercise ordinary care in the monitoring and supervision of the activities of Defendant **HOLMES**;

(7) In failing to comply with the applicable state laws as well as the rules and regulations of the Federal Motor Carrier Safety Administration training, monitoring and supervision of Defendant **HOLMES** as a driver and operator of a commercial motor vehicle;

(8) In failing to exercise ordinary care in maintaining, servicing, repairing and inspecting the vehicle that Defendant **HOLMES** was operating at the time of the collision made the basis of this lawsuit;

(9) In failing to comply with, or require compliance with, the applicable state laws as well as the rules and regulations of the Federal Motor Carrier Safety Administration regarding the maintaining, servicing, repairing and inspecting of commercial motor vehicles such as (and including) the one being driven by Defendant **HOLMES** at the time of the collision made the basis of this lawsuit;

(10) In failing to exercise ordinary care to prevent Defendant **HOLMES** from operating a commercial motor vehicle at a time or under circumstances where Defendant **HOLMES** was physically and/or mentally unable to safely drive and operate a commercial motor vehicle;

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
11/08/2023
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith

6

(11) In failing to comply with the applicable state laws as well as the rules and regulations of the Federal Motor Carrier Safety Administration regarding Defendant **HOLMES's** physical and/or mental condition or ability to drive a commercial motor vehicle;

(12) In allowing Defendant **HOLMES** to operate a commercial motor vehicle at a time or under circumstances when Defendant **UNION PACIFIC** knew, or in the exercise of ordinary care should have known, that Defendant **HOLMES** was unable to safely drive and operate a commercial motor vehicle;

(13) In failing to comply with the applicable state laws as well as the rules and regulations of the Federal Motor Carrier Safety Administration by allowing or requiring Defendant **HOLMES** a commercial motor vehicle at a time or under circumstances when Defendant **UNION PACIFIC** knew, or should have known, that Defendant **HOLMES** was unable to safely drive and operate a commercial motor vehicle; and

(14) To the extent not already included in these allegations, Plaintiff invokes the legal doctrine of negligent entrustment. In this regard, Plaintiff would show that (a) the commercial motor vehicle being operated by Defendant **HOLMES** at the time of the collision in question was owned or otherwise under the control of Defendant **UNION PACIFIC**, (b) Defendant **HOLMES** was a reckless and/or incompetent driver and was otherwise unfit and/or unqualified to drive and operate the vehicle in question, and (c) Defendant **UNION PACIFIC** knew, or in the exercise of ordinary care should have known, of such recklessness, incompetence, unfitness and/or lack of qualification.

The acts of negligence as set out above were a proximate cause of the collision made the basis of this lawsuit. Plaintiff reserves her right to amend these allegations as further facts, investigation and discovery may warrant.



7

### 8. DEFENDANTS' CONDUCT JUSTIFIES AND REQUIRES IMPOSITION OF PUNITIVE AND/OR EXEMPLARY DAMAGES

The above-stated facts that set forth the Defendants' acts and omissions constitute more than ordinary negligence. They are of such a nature so as to constitute gross negligence and to further and otherwise justify and require the imposition of punitive and exemplary damages over and against Defendants. Plaintiff hereby sues for the recovery of such damages.

### 9. PLAINTIFF'S DAMAGES

As a result of the collision made the basis of this lawsuit, Plaintiff suffered severe, significant, disabling and life-altering personal injuries, damages and losses. As such, she is entitled to recover and hereby sues for the recovery of the following elements of damages:

(1) Reasonable and necessary medical and other health care-related expenses sustained in the past and which, in reasonable probability, she will sustain in the future:

(2) Loss and/or impairment of earnings and/or earning capacity sustained in the past and which, in reasonable probability, she will sustain in the future;

(3) Physical pain sustained in the past and which, in reasonable probability, she will sustain in the future;

(4) Mental anguish and emotional distress sustained in the past and which, in reasonable probability, she will sustain in the future;

(5) Physical impairment sustained in the past and which, in reasonable probability, she will sustain in the future;

(6) Physical disfigurement sustained in the past and which, in reasonable probability, she will sustain in the future;

(7) Loss and/or impairment of his enjoyment of life sustained in the past and which, in reasonable probability, she will sustain in the future;

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
11/08/2023
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith

8

### 10. PRE- AND POST JUDGMENT INTEREST

Plaintiff further seeks the recovery of all interest allowed at law, including pre-judgment and post-judgment interest.

### 11. CONDITIONS PRECEDENT

Plaintiff would show that all conditions precedent to the maintenance of this action have been met and satisfied.

### 12. RIGHT TO AMEND

Furthermore, Plaintiff would state that because of the complex nature of accident and collision, including the implication of multiple parties and vehicles, some of which may be unknown to Plaintiff, and because without first conducting some discovery in this suit, Plaintiff cannot discover the identities of additional, responsible parties and/or additional witnesses, or reasonably discover information that will form the basis for additional, appropriate claims and causes of action that may properly be asserted in this suit, Plaintiff reserves the right to amend her pleading to join and/or omit parties as appropriate and to assert additional or different claims, allegations, causes of action, and grounds for recovery.

### 13. SELF-AUTHENTICATION

Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, this is the "actual" written notice that all documents produced in this litigation shall be used by the Plaintiff at pretrial proceedings and trial. Hence, all documents produced in this litigation are deemed self-authenticating for use in any pretrial proceeding or at trial; and any objections thereto by the Defendants shall be in writing or placed on the record, giving Plaintiff a reasonable opportunity to establish the challenged document's authenticity.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
11/08/2023
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith

### 14. JURY DEMAND

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff has and recover such sums as would reasonably and justly compensate her, in accordance with the rules of law and procedure as to actual damages, exemplary damages, and court costs. In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this case, for all costs of Court on his behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

**THE FERGUSON LAW FIRM, LLP**
3155 Executive Blvd.
Beaumont, Texas 77705
(409) 832-9700 (phone)
(409) 832-9708 (fax)

By: _____
Timothy M. Ferguson
State Bar No. 24099479
tferguson@thefergusonlawfirm.com

**ATTORNEY FOR PLAINTIFF**



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
11/08/2023
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS